Jeremy C. Dzubay (SB# 238649)
1333 Camino Del Rio South 201B
San Diego CA 92108
Tel: (619) 683-7666
Fax: (619) 683-7672
jdzubay@rocketmail.com

Attorney for Juan Meza

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br><br> vs. <br><br> **JUAN MEZA-PADILLA**, <br> Defendant. | ) Case No.: 08-CR-0090 <br> ) <br> ) <br> ) <br> ) **DEFENDANT'S MOTIONS IN LIMINE** <br> ) <br> ) MIL hearing: April 14, 2008 <br> ) <br> ) 1:30 pm <br> ) <br> ) Judge Burns <br> ) |

Defendant Juan Meza-Padilla (Meza), hereby files his motions in limine for his trial set to begin on April 15, 2008.

ANTICIPATED FACTS

December 19, 2007, Meza tried to enter the United States from Mexico. He was driving a Dodge pickup truck. Heroin was secreted inside the manifold of the pickup. Meza is alleged to have known about the heroin and intended to import the drug for sale in the United States.

//

//

## MOTIONS

[1] Motion to preclude "drug courier profile" testimony; that the defendant's phone, pager, dress, car, demeanor, etc., was consistent with a drug dealer.  Drug courier testimony is inherently prejudicial and admissible only in limited circumstances.  <u>U.S. v. Lim</u>, 984 F.2d 331, 334-35 (9th Cir. 1993); <u>U.S. v. Lui</u>, 941 F.2d 884, 847 (9th Cir. 1993).

[2]  Motion to preclude testimony that the defendant had a particular mental state (knowledge or intent).   Fed. R. Evid. 704(b) (No expert witness . . . may state an opinion *or inference* as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged . . . .) (emphasis added).  In this case, the defendant's knowledge of the drugs in the vehicle is an element of the crime charged.  Whether the defendant knew of the drugs is an issue for the trier of fact alone.  Witnesses shouldn't opine on whether Meza knew of the drugs.

[3]  Motion to suppress any purported statements of the defendant in response to government agents' questioning prior to the time the defendant signed an acknowledgement/waiver of his Miranda rights.[1]

<u>Miranda</u> protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment.  On a motion to suppress statements allegedly obtained in violation of <u>Miranda</u>, the government must prove by a preponderance of evidence that the

---

[1] This motion was originally made earlier and this Court reserved decision.  We reiterate the motion as an *in limine* motion.

Defendant's Motions in Limine
Case No. 08-CR-0090

defendant voluntarily, knowingly, and intelligently waived his Miranda rights.  <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1986).

Here, Meza was questioned by government agents after being physically detained and told that drugs were found in the motorcar he was driving.  This questioning took place prior to his written acknowledgement and waiver of his <u>Miranda</u> rights.  Allegedly he made incriminating statements in response to this questioning.  Under the circumstances, the statements were made in violation of Meza's rights under <u>Miranda</u>.

## CONCLUSION

For the above stated reasons, the defendant motions this Court to grant the foregoing motions.

DATED:  04/03/2008

<u>s/ Jeremy Dzubay</u>
Attorney for Juan Meza-Padilla

Defendant's Motions in Limine

Case No. 08-CR-0090